# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| J. Roger Gregg, | ) |
|               Plaintiff, | ) C/A. No. 2:21-cv-623-RMG |
| v. | ) **ORDER AND OPINION** |
| Christopher J. Thompson, Holly C. Thompson f/k/a Holly B. Covington, and The Thompson Group, a Bahamian Corporation, and the Bank of South Carolina, | ) |
|               Defendants. | ) |

Before the Court is a motion to dismiss (Dkt. No. 4) by Defendants Christopher J. Thompson, Holly C. Thompson f/k/a Holly B. Covington and the Thompson Group (collectively "Defendants") and a motion to remand by Plaintiff (Dkt. No. 6). For the reasons set forth below, the Court grants Plaintiff's motion to remand and denies as moot Defendants' motion to dismiss.

## I. Background

Plaintiff J. Roger Gregg, a North Carolina citizen, alleges that he is "the owner of a second home located on Elbow Cay Abaco, in the Commonwealth of the Bahamas . . . referred to as Breezy Palms." (Dkt. No. 1-1 ¶¶ 2, 12). Plaintiff alleges that after Hurricane Dorian struck the Bahamas on September 1, 2019, Breezy Palms was damaged. (*Id.* ¶ 14). Plaintiff alleges he "sought out" Defendant Christopher J. Thompson "and asked if he could repair the hurricane damage to Breezy Palms." (*Id.* ¶ 15). Plaintiff alleges Christopher Thompson and his wife Defendant Holly C. Thompson ("Holly") are "principals of [Defendant] The Thompson Group, which according to its website, designs and builds residential properties and sells real estate in the Bahamas." (*Id.* ¶ 13); (*Id.* ¶ 5) (alleging the Thompson Group is a "corporation duly form[ed] and

1

organized pursuant to the laws of the Commonwealth of the Bahamas"). Both Thompsons allegedly "inspected Breezy Palms to estimate construction and interior renovation" costs. (*Id.* § 16). After an agreement was reached on or around December 6, 2019 for the Thompson Group to renovate Breezy Palms, "[p]ursuant to Mr. Thompson's instructions, Mr. Gregg wired $100,000 USD to Mr. Thompson's personal account at [the] Bank of South Carolina . . . on 09 December 2019. Thompson Group commenced work pursuant to the Contract shortly thereafter." (*Id.* ¶¶ 17-18). Plaintiff allegedly "wired three more progress payments of $100,000 USD to the BoSc Account." (*Id.* ¶ 19). In late June 2020, Plaintiff allegedly visited Breezy Palms and, after noting "there was substantially less progress than should have been[,] . . . confronted Mr. Thompson on the apparent lack of progress." (*Id.* ¶¶ 20-21). When Plaintiff requested a full accounting of construction costs incurred to date, "Mr. Thompson refused" and Plaintiff "terminated the Contract." (*Id.* ¶¶ 21-22). This lawsuit ensued.

Plaintiff brings six causes of action: (1) Fraud in the Inducement of a Contract—against Christopher Thompson; (2) Unjust Enrichment—against Christopher Thompson; (3) Breach of Contract—against the Thompson Group; (4) Negligent Misrepresentation—against Christopher Thompson; (5) Conversion—against both Christopher and Holly Thompson; and (6) violation of the South Carolina Unfair Trade Practices Act against Christopher and Holly Thompson. Plaintiff brings no claims against the Bank of South Carolina, alleging "The Bank of South Carolina is a nominal defendant in this action by virtue of it maintaining accounts belonging to one or more of the Defendants into which Plaintiff wired money at the instruction of Mr. Thompson." (*Id.* ¶ 6).

On March 3, 2020, Defendants removed this action. (Dkt. No. 1). Defendants argue that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendants argue the Court should disregard the citizenships of the Bank of South Carolina and Holly

Thompson and assume jurisdiction over the matter because: (1) the Bank of South Carolina is a nominal defendant and (2) Holly Thompson is fraudulently joined. *See generally* (Dkt. No. 1).

Immediately after removing this action, Defendants moved to dismiss the complaint on a variety of theories. (Dkt. No. 4).

On March 10, 2021, Plaintiff moved to remand this action. (Dkt. No. 6). Plaintiff argues that Defendants removed this action in violation of 28 U.S.C. § 1441(b)(2). Section 1441(b)(2) "prevents removal when the defendant is 'at home' in the relevant state where the action accrues." *Perrell v. Sparky's Pecan Outlet Store, Inc.*, No. 4:19-CV-01466-RBH, 2019 WL 2502054, at *1 (D.S.C. June 13, 2019). Because Holly is a citizen of South Carolina, argues Plaintiff, removal based on diversity jurisdiction was improper. Defendants oppose Plaintiff's motion. (Dkt. No. 7).

The parties' motions are fully briefed and ripe for disposition.[1]

## II.  Legal Standard

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Section 1447 of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon,* 369

---

[1] In his motion to remand, Plaintiff requests an extension of the deadline for his response in opposition to Defendants' motion to dismiss. (Dkt. No. 6 at 1, 5) ("Gregg . . . moves to stay the deadlines on the Defendants' motion to dismiss until the motion to remand is decided and ruled upon."). While of no practical consequence—as the Court grants Plaintiff's motion to remand— the Court grants Plaintiff's request to stay the deadline on Plaintiff's response to Defendants' motion to dismiss.

3

F.3d at 816; *see also Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir.1999) ("[C]ourts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'") (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)).

### III.    Discussion

Defendants removed this matter from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a). Defendants aver that removal is proper in this instance because the District Court has original jurisdiction to hear Plaintiff's case pursuant to 28 U.S.C. § 1332. Under § 1332, federal district courts have original jurisdiction over a case if the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. § 1332(a). The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *See Athena Auto., Inc. v. DiGregorio,* 166 F.3d 288, 290 (4th Cir. 1999); *see also* § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). This complete diversity requirement "makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999) (footnote omitted). "A defendant may accomplish this feat, however, through the doctrine of fraudulent joinder, which allows 'a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'"

4

*Turner v. JP Morgan Chase Bank, N.A.,* 543 Fed. App'x 300, 301 (4th Cir.2013) (per curiam) (quoting *Mayes,* 198 F.3d at 461).

Plaintiff asserts that this Court lacks subject matter jurisdiction because Holly is a South Carolina citizen and Defendants, therefore, removed this action in violation of § 1442(b)(2). As noted above, § 1442(b)(2) states that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff concludes that because Holly "admits she is a citizen of South Carolina in footnote 1 of her petition for removal" and "holds herself out publicly as a principal of" the Thompson Group, Defendants' removal was improper. (Dkt. No. 6 at 2-3); (*Id.* at 6) (noting Holly "has participated in the management decisions relevant to Gregg's claims"). In support of the contention that his complaint states a claim against Holly, Plaintiff attaches screenshots of the Thompson Group's website showing Holly listed as a "Principal/Interior Design [Agent]." *See* (Dkt. No. 6-1 at 2-3) (screenshot of Holly's profile from the Thompson Group website).[2]

Defendants, for their part, argue that Holly is fraudulently joined and that all claims asserted against her fail as a matter of law. To support this contention, Defendants submit sworn affidavits from the Thompsons. In her affidavit, Holly swears that she "never had any ownership in the Thompson Group" and that she is not "a director, officer, employee or member of the

---

[2] Plaintiff's briefing makes clear, however, that he does not dispute that the Bank of South Carolina is a nominal party, the citizenship of which the Court need not consider for purposes of determining subject matter jurisdiction. *See* (Dkt. No. 1-1 ¶¶ 6, 26-68) (pleading that "The Bank of South Carolina is a nominal defendant" and bringing no claims against said entity); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736, F.3d 255, 260 (4th Cir. 2013) (holding that a defendant with "no immediately apparent stake in the litigation either prior to or subsequent to the act of removal" is deemed a nominal party and cannot defeat non-resident defendants' claim of complete diversity).

Thompson Group." (Dkt. No. 4-2 ¶ 3). Holly admits, however, that she "do[es] assist [her] husband [Christopher Thomas] with his business, but that [she] do[es] not receive compensation for that assistance." (*Id.* ¶ 5). Christopher Thompson swears that Holly "has no ownership in the Thompson Group, and never has had any ownership. She is not a director, officer, employee, or member of the Thompson Group. She does, however, from time to time assist me with operation of the Thompson Group." (Dkt. No. 4-1 ¶ 4).

"To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley,* 187 F.3d at 424 (internal quotation marks omitted). Defendants do not allege or identify any bad faith in Plaintiff's pleading of jurisdictional facts, so the Court need only inquire into whether Plaintiff has any possibility of recovery against Holly. Where no such fraud in pleading is alleged, the party seeking the federal forum "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.; see also Beaufort Cnty. Sch. Dist. v. United Nat. Ins. Co.,* 519 F. Supp. 2d 609, 614 (D.S.C. 2007) (describing the standard as "among the most liberal in all of the law"); *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F.Supp.2d 658, 662 (S.D.W. Va. 2003) (referring to the standard as "draconian"). The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Hartley,* 187 F.3d at 426. To determine whether a pleading is fraudulent, the court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may determine the basis of joinder by any means available. *AIDS Counseling & Testing Ctrs. v. Grp. W Television,*

*Inc.,* 903 F.2d 1000, 1004 (4th Cir.1990) (quoting *Dodd v. Fawcett Publ'ns, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964)).

The Court's inquiry as to whether Holly is fraudulently joined begins—and ends—with consideration of Plaintiff's claim for conversion.

"[T]he legal injury occasioned by the tort of conversion is deemed to occur where the actual conversion takes place." *Power Beverage LLC v. Side Pocket Foods Co.*, No. CA 06:12-931-TMC, 2013 WL 227875, at *6 (D.S.C. Jan. 22, 2013). Here, Christopher Thompson's bank account is located within South Carolina. *See* (Dkt. No. 1-1 § 18). Thus, the alleged conversion of Plaintiff's funds took place in South Carolina. Consequently, this claim is governed by South Carolina law. *See Lister v. NationsBank*, 494 S.E.2d 449, 545 (S.C. App. 1998) ("the substantive law governing a tort action is determined by the state in which the injury occurred").

Under South Carolina law, "[t]o recover in an action for conversion, the plaintiffs must prove: (1) an interest by the plaintiff in the thing converted; (2) the defendants converted the property to their own use; and (3) the use was without the plaintiffs' permission." *May v. Peninger*, No. 2:07-CV-00864CWH, 2008 WL 509470, at *12 (D.S.C. Feb. 22, 2008). Here, elements one and three are not in dispute. Defendants contend, however, that as it regards Holly and element two, the complaint is devoid of non-conclusory allegations sufficient to state a claim for conversion against Holly.

The Court finds that Plaintiff's complaint adequately alleges that Holly converted Plaintiff's property. First, the complaint adequately alleges that Holly is a Principal—i.e. an "owner" or managing member of the Thompson Group.[3] Second, the complaint specifically

---

[3] Plaintiff has put forth evidence sufficient to warrant this assumption. Namely, while Holly claims in her affidavit that that she is neither a principal nor an employee of the Thompson Group, (Dkt. No. 4-2 ¶ 3), Plaintiff has submitted screenshots of the Thompson Group's website which directly

7

alleges that Holly was involved in estimating the cost of the renovations for Breezy Palms. (Dkt. No. 1-1 ¶ 16).  Third, and crucially, the complaint alleges Holly was copied on—and potentially drafted—emails that demand payment for the Thompson Group's renovations to Breezy Palms. *See* (*id.* at 10) (email from Christopher Thompson to Plaintiff signed "Chris and Holly," copying "holly.thompson@thethompsongroupbahamas.com," describing costs to date for the renovations at Breezy Palm and stating "*[w]e* are requesting 100K on your account which will give us a good start") (emphasis added).  In sum, the Court finds that Defendants cannot meet their "heavy burden" of showing that "plaintiff cannot establish a claim [for conversion against Holly] even after resolving all issues of law and fact in the plaintiff's favor." *Montanaro v. State Farm Mut. Auto Ins. Co.*, 29 F. Supp. 662, 666-67 (D.S.C. 2014).  Or said differently, the Court finds that there is more than "a slight possibility" that Plaintiff is entitled to relief against Holly for his claim of conversion. *See Hartley*, 187 F.3d at 426 (noting that plaintiff need establish "only a slight possibility of a right to relief" to defeat a defendant's contention that a party is fraudulently joined).

To summarize, the Court finds that the complaint states a claim against Holly for conversion and that Holly is therefore not fraudulently joined.  And, as Holly is undisputedly a citizen of South Carolina, Defendants' removal of this action was improper under § 1441(b)(2). *See, e.g.*, *Bank of N.Y. Mellon v. White*, No. 3:17-693-JFA-PJG, 2017 WL 2390565, at *3 (D.S.C. June 2, 2017).  Accordingly, subject matter jurisdiction is lacking, and this action must be remanded to the Charleston County Court of Common Pleas.

---

call into question the veracity of Holly's assertions. These screenshots—the authenticity of which Defendants do not dispute— show Holly listed as a "Principal / Interior Design [Agent]" of the Thompson Group. (Dkt. No. 6-1 at 2-3) (screenshot of Holly's profile on the Thompson Group website including a biography and full contact information).  Thus, in analyzing the complaint's allegations, the Court assumes that Holly is a Principal of the Thompson Group.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to remand (Dkt. No. 6) and **DENIES AS MOOT** Defendants' motion to dismiss (Dkt. No. 4).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Judge

March 19, 2021
Charleston, South Carolina